

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 9:05-CR-30 |
| | § | **JUDGE THAD HEARTFIELD** |
| JUAN CASTANON | § | |

# MEMORANDUM OPINION AND ORDER ON DEFENDANT'S AMENDED MOTION TO SUPPRESS

Before the Court is the Defendant's *Motion to Amend/Correct List of Items for Which Suppression is Sought* [Doc. #32]. After carefully considering the evidence, the briefs, and the arguments of counsel, the Court is of the opinion that Defendant's *Motion* [Doc. #32] should be **DENIED**.

## I. Facts

In February of 2005, almost $2.3 million in cash was recovered from a hidden compartment in a tractor-trailer driven by the Defendant. The underlying facts of the episode made the basis of this case were detailed in the Court's Memorandum Opinion and Order [Doc. #41] of August 26, 2005. Additional facts, relevant to this motion, are outlined in the following paragraphs.

<u>The Search of Defendant's Home</u>

On February 11, 2005, United States Drug Enforcement Agency Special Agent Jaime Fernandez obtained a federal search warrant for the Defendant's home. Special Agent Fernandez, in a multiple page affidavit, highlighted the facts of the stop and the results of the search of Defendant's tractor and trailer [Doc. #46, pp. 6-12]. United States Magistrate Judge Dorina Ramos signed Special Agent Fernandez's application for search warrant on the same day it was submitted. Defendant challenges this search warrant as "barebones and totally devoid of particularized probable

cause" [Doc. #32, p. 2].

<u>The Search of Defendant's Wallet</u>

After being arrested on February 8, 2005, the Defendant's personal effects, including his wallet, were searched incident to his arrest. Papers taken from his wallet were photocopied at that time. The original papers were later taken from the Defendant's wallet for use by the United States at trial. Defendant seeks suppression of the papers contained in the wallet under two theories: (1) lack of consent; and (2) improper search without a warrant [Doc. #32, p 2].

## II. Analysis

<u>The Search of Defendant's Home</u>

When ruling on a contested search made pursuant to a warrant, this Court must use an alternative test. First, this Court must determine "whether the good-faith exception to the exclusionary rule applies"; if it does not, then ascertaining "whether the warrant was supported by probable cause" is required. *United States v. Laury,* 985 F.2d 1293, 1311 (5th Cir. 1993). The good-faith exception must be applied unless: (1) the issuing judge was "mislead by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant"; (3) the warrant was "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant was facially invalid. *United States v. Leon,* 468 U.S. 897, 923 (1984). Defendant challenges the affidavit under *Leon's* subsection (3) described directly above.

After reviewing Special Agent Fernandez's application and affidavit for search warrant, the Court finds that the warrant was based on an affidavit with sufficient indicia of probable cause to make official belief in its existence reasonable. Special Agent Fernandez, in more than six pages of detail, outlined his training, experience, and the facts and evidence surrounding Defendant's tractor-trailer search. Special Agent Fernandez highlighted the amount of wrapped money found in the secret compartment in Defendant's trailer, the other papers found on the truck, and, significantly, the fact that the tractor and trailer were owned and registered at the address of the place to be searched: 1408 Magdalena, Mission, Texas.

Evidence obtained during the execution of a search warrant is not excluded if the officer executing it relied on it in good faith. *Leon*, 468 U.S. at 922. It is important to remember that the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party

aggrieved." *Id.* at 906.  Simply put, determining whether to apply the exclusionary rule is a separate inquiry from whether Fourth Amendment rights were violated. *Id.*  "The exclusionary rule is designed to deter police misconduct rather than to punish" any errors of "judges and magistrates." *Id.* at 916.  When an officer executes a warrant in good faith, the deterrent effect of the exclusionary rule on that officer does not trump the costs of suppressing reliable physical evidence, even if the search is subsequently found to violate the Fourth Amendment.  *Id.* at 913.

In this context, then, what is good-faith?  The Supreme Court instructs that it is a matter of objective reasonableness, i.e., that when both the officer's reliance on the judge's probable cause determination *and* the technical sufficiency of the warrant are reasonable, the good-faith exception should apply.  It is well settled in this Circuit that an officer may act in good-faith on a warrant issued pursuant to an affidavit to which he swore.  *See United States v. Gibbs,*, No. 04-30952, slip op. at 6 (5th Cir. Aug. 16, 2005)(citing *United States v. Cherna,* 184 F.3d 403, 424 (5th Cir. 1999), *cert. denied*, 529 U.S. 1065, 120 S.Ct. 1669 (2000)).  The record in this case shows that the United States Magistrate Judge issued the warrant after reviewing an affidavit containing sufficient indicia of probable cause. There is also no evidence that Special Agent Fernandez acted in anything other than good faith in obtaining the warrant. His reliance on the magistrate's determination and the technical sufficiency of this warrant are both reasonable.  The evidence will not be suppressed.

<u>The Search of Defendant's Wallet</u>

In *United States v. Edwards*, 415 U.S. 800, 808 (1974), the Supreme Court stated that "once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest *may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed* between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. *This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the "property room" of the jail, and at a later time searched and taken for use at the subsequent criminal trial."* (emphasis added).

The Fifth Circuit, in *Lockhart v. McCotter*, 782 F.2d 1275, 1280 (5th Cir. 1986), expressly held that a warrantless second look at an inmate's wallet did not violate the Fourth Amendment. Additionally, "a person lawfully arrested has no reasonable expectation of privacy with respect to property taken from his person for inventory by the police.  Later examination of that property by another law-enforcement officer is, therefore, not an unreasonable search within the meaning of the Fourth Amendment." *United States v. Thompson*, 837 F.2d 673, 673 (5th Cir. 1988).

This Court finds that Defendant's wallet was inventoried by law enforcement officials after his arrest and that Defendant had no reasonable expectation of privacy in the contents of his wallet. The Court rejects Defendant's argument that the search of his wallet was invalid due to lack of consent and holds that no warrant was required for later retrieving the original papers. Because Defendant's Fourth Amendment rights were not violated, this evidence will not be suppressed.

### III. Conclusion

Based on the above analysis, the Defendant has no proper basis to support the suppression of evidence obtained at his house or from his wallet. Accordingly, it is **ORDERED** that the Defendant's *Motion to Amend/Correct List of Items for Which Suppression is Sought* [Doc. #32] be **DENIED**.

**SO ORDERED**.

**SIGNED** this the 8 day of **September, 2005.**

_____
Thad Heartfield
United States District Judge