

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 9:05-CR-30 |
| JUAN CASTANON | § § | JUDGE THAD HEARTFIELD |

# MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR STATUTORY SPEEDY TRIAL VIOLATION

  Before the Court is Defendant's *Motion to Dismiss for Statutory Speedy Trial Violation 18 U.S.C.A. Section 3161 et. seq.* [Doc. #49]. After carefully considering Defendant's *Motion*, the response by the United States, the record, and the arguments of counsel, this Court is of the opinion that Defendant's *Motion to Dismiss for Statutory Speedy Trial Violation 18 U.S.C.A. Section 3161 et. seq.* [Doc. #49] should be DENIED.

  Defendant claims that his speedy trial rights were violated because more than seventy days have supposedly passed from the date that his indictment was made public and that more than thirty days have allegedly elapsed between his arrest and indictment on the present indictment. *(Defendant's motion, p. 5).*

  The Speedy Trial Act is designed to ensure a federal defendant's Sixth Amendment right to a speedy trial and to reduce the danger to the public from prolonged periods of a defendant's release on bail. *United States v. Johnson*, 29 F.3d 940, 942 (5th Cir. 1994). It requires that a defendant be tried within seventy days of indictment or of the day that the defendant first appears before the judge or magistrate, whichever is later. *18 U.S.C. § 3161(c)(1).* If more than seventy days pass between this date and the trial, the "indictment shall be dismissed on motion of the defendant." *18 U.S.C. § 3162(a)(2).* The burden is, at all times, on the defendant to prove that such dismissal is appropriate. *18 U.S.C. § 3162(a)(2).*

  The Act excludes certain periods of delay for purposes of calculating the seventy - day limit. *See 18 U.S.C. § 3161(h).* Section 3161(h)(1)(F) excludes "[a]ny period of delay resulting from other

proceedings concerning the defendant, including but not limited to ... delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Such time is automatically excludable. *United States v. Gonzales*, 897 F.2d 1312, 1315 (5th Cir. 1990). All the time between the filing of the motion and concluding the hearing is excluded whether or not a delay in holding the hearing is reasonably necessary. *United States v. Narviz - Guerra*, 148 F.3d 530, 538 (5th Cir. 1998). When counting days for speedy trial purposes, the filing date of the motion and the date of the court's disposition are excludable. *United States v. Johnson*, 29 F.3d 940, 943, n. 4 (5th Cir. 1994).

The Subsection F exclusion applies in two situations. First, if a motion requires a hearing, Subsection F tolls the speedy trial clock from the date that the motion is filed through the date that the court conducts a hearing on the motion, even if the delay between the filing of the motion and the hearing is unreasonable. *United States v. Calle*, 120 F.3d 43, 45 (5th Cir. 1997). In this situation, Subsection F also implicitly excludes the time after the hearing where a district court awaits the filing of all post - hearing briefs and materials reasonably necessary to dispose of the motion. *Id.* Once the court has received all the submissions, it is deemed to have taken the motion under advisement, after which the court has a maximum of 30 excludable days, pursuant to 18 U.S.C. § 3161(h)(1)(J)(Subsection J") to decide the motion before the speedy trial clock begins to run. *Id.* Second, Subsection F tolls the speedy trial clock where the motion does not require a hearing. *Id.* In this situation, Subsection F excludes the time necessary for "prompt disposition," which, under Subsection J, may be no more than 30 days from the time the motion is taken under advisement. *Id.*

Therefore, the speedy trial clock is not tolled simply because a pretrial motion is pending. *United States v. Grosz*, 76 F.3d 1318, 1323 (5th Cir. 1996). "Instead, a court must look more closely into the particular circumstances of that motion, e.g., whether there was a hearing on the motion, or whether the motion was taken under advisement, to determine whether certain days are excludable." *United States v. Johnson*, 29 F.3d 940, 943 (5th Cir. 1994)(citations omitted).

The filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses. *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir. 1990). The seventy - day speedy trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy trial exclusions apply as if no superseding indictment had been returned. *Id.* Unless the district court has ruled that the superseding indictment moots the pending motions, the motions continue to toll the speedy trial clock for both the original and the new charges. *Id.*

Two sections of the Speedy Trial Act establish rules for calculating speedy trial time where an indictment is dismissed. Under § 3161(d)(1), when an indictment is dismissed on the defendant's motion, the subsequent return of an indictment triggers new statutory time periods. *United States v. Perez*, 820 F.2d 100, 103 (5th Cir. 1988). Under § 3161(h)(6) when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned. *Id.* The period between the indictments is excluded from speedy trial calculations, but the clock is not reset. *Id.*

Defendant was charged in a Criminal Complaint on February 9, 2005. (cause number 9:05-mj-003, docket entry # 1). Defendant appeared before a United States Magistrate Judge for an initial appearance on the Complaint on February 15, 2005. A detention hearing was held on

February 18, 2005 and Defendant was ordered detained pending trial. Defendant was indicted in a two - count Indictment filed under cause number 9:05-CR-14 on March 2, 2005. (cause number 9:05-CR-14, docket entry #1). Count I of the Indictment charged Defendant with money laundering and count II charged Defendant with traveling in interstate commerce to promote an unlawful activity. Under 18 U.S.C. § 3161(c)(1), the seventy day period commences from the filing date (and making public) of the indictment, or from the date the defendant appears before a judicial officer of the court in which such charge is pending, whichever occurs last. The date of the indictment is not counted as one of the seventy days. *United States v. Jurn*, 766 F.2d 465 (11th Cir. 1985). Therefore, the speedy trial clock starts with March 3, 2005 being counted as the first day.

Defendant then filed a motion for bail on March 4, 2005 and this was denied on March 21, 2005. This period is therefore excludable. The clock started once again on March 22, 2005 and ran until May 18, 2005 (day 59). Defendant then filed a motion to continue the case on May 19, 2005 which tolled the speedy trial clock at 59 days. The motion for continuance was granted and trial was set for July 18, 2005. Defendant filed a second motion for continuance on July 14, 2005. This Court granted the motion at Defendant's request and the case was continued and reset for trial on August 1, 2005.

On August 1, 2005, the Government, recognizing deficiencies in the original Indictment and problems with its proof, filed a motion to dismiss the Indictment. A Criminal Complaint was filed that same day charging Defendant with interstate transportation in aid of racketeering. Defendant was indicted in a new two - count Indictment on August 2, 2005 in cause number 9-05-CR-30. Count I of the Indictment charges Defendant with conspiring to distribute cocaine in violation of Title 21, United States Code, Section 846. Count II of the Indictment charged Defendant with interstate transportation of proceeds of unlawful activity. On August 3, 2005, this Court ordered that the first Indictment be dismissed. The Government filed a motion to detain Defendant that same day and the United States Magistrate Judge orally ordered that Defendant be detained under the new Indictment on August 5, 2005. On August 5, 2005, the Government filed its Motion to Transfer all Motions Previously filed In Criminal Cause Number 9:05-CR-14, which is the subject of this controversy.

At the outset, this Court notes that August 1, 2005 is excludable due to the fact that the Government's motion to dismiss the first Indictment was filed. This motion was not ruled upon until two days later, on August 3rd. Therefore, August 1st through August 3rd should be excludable time. Defendant makes the argument that, since trial was not held on August 1st, the Court de facto granted the motion to dismiss on that date and the clock started again on August 2nd. *Transcript, p. 4*. However, the Court finds that this is a moot point. August 2nd would also be excludable because it is the date that the new Indictment was filed. August 3rd, 4th, and 5th are excludable due to the Government's pending motion to detain Defendant which was granted orally on August 5th at the detention hearing.

Therefore, unless the filing of Government's Motion to Transfer all Motions Previously Filed in Criminal Cause Number 9:05-CR-14 tolls the speedy trial clock, the clock starts once again with August 6, 2005 being counted as day 60. It should also be noted that, even if the Government's motion did not toll the speedy trial clock, the Government's Motion for Discovery which was filed on August 11, 2005 would stop the clock on August 10th at day number 64. Defendant argues that these two motions were filed in bad faith and should not be utilized to stop the speedy trial clock. *Transcript, p. 6*. If the motions are not "proper" motions so as to stop the

clock, the seventy day time period ran on August 16, 2005.

The Court conducted a hearing in this matter on August 30, 2005. Defendant argued that under *United States v. Hoslett*, 998 F.2d 648 (9th Cir. 1993), the motions pending under the previous indictment are extinguished and there is nothing for the Court to transfer to the new case. Defendant argued that the previously filed motions pending in the first case are defense motions and the Government would never ask that those motions be re-asserted unless it is a bad faith attempt to toll the speedy trial clock. *Transcript, pp. 6 - 12*. When questioned by the Court as to why he never filed a response to the Government's motion to transfer the previously filed motions, Defendant's counsel stated that he did not file a response to that particular motion because he "didn't want to do anything to prolong the — extend the Speedy Trial Act". *Transcript, p. 7*.

The Government responded that it had valid reasons to file the motion to transfer the motions in the previous case. *Transcript, pp. 20 - 25*. The attorney for the Government explained that some of the evidence sought to be admitted in the previous case would also be sought to be admitted by the Government in the "new" case. The Government noted that this Court had recently conducted a suppression hearing regarding the admissibility of this evidence (admissibility of tape recorded jail conversations, search of Defendant's vehicle, etc) and the Court had yet to rule on all of the issues. The Government noted that the motion was filed in the interest of judicial economy.

The Government also stated that the motion for discovery filed on August 11, 2005 sought to compel Defendant's attorney to produce the curriculum vitae of Defendant's expert witness in the case. *Transcript, p. 21*. The Government explained that it did not want to rely on defense counsel's advice to obtain the curriculum vitae from the Internet. *Id.* The Government explained that the Seventh Circuit Court of Appeals had issued an opinion which called in question the expert's curriculum vitae and the Government wanted to cross - examine the expert with a copy of the curriculum vitae provided by defense counsel instead of one merely downloaded from a website. *Transcript, pp. 21 - 22*.

On July 14, 2005, Defendant gave his notice of intent to call Dr. Warren James Woodford, Ph.D. as an expert in drug dog alerts, ion scan, and the presence of narcotics on currency. It appears that, on March 23, 1999, the Seventh Circuit Court of Appeals did in fact issue an unpublished opinion which noted that "Dr. Woodford's idiosyncratic theories have been uniformly rejected" and "the curriculum vitae which he submitted to the court contained the false representation that he is licensed by the DEA to conduct tests on controlled substances". *See United States v. Ingram,* 175 F.3d 1021 (7th Cir. 1999)(unpublished opinion).

The Court finds that 18 U.S.C. § 3161(h)(1)(F) excludes delay resulting from "any" pretrial motion. Although the statute is silent as to whether the motion must be filed in good faith, this Court certainly assumes that it does. However, the Court finds that there is ample evidence that the Government acted in good faith in filing these two motions. Simply put, the Government wanted rulings on the admissibility of the evidence that it intended to introduce at trial (and that had already been the subject of a contested hearing) and did not want to face multiple trial objections and extensive hearings after the jury had been seated–perhaps a day or tow–in the midst of a complex trial. *Transcript, pp. 24 - 25*. In addition, due to the facts set forth above, the Government had a valid reason to request a curriculum vitae from the Defendant's attorney rather than download a copy from a website.

This Court further notes that Defendant's reliance on *Hoslett* is misplaced. In *Hoslett*, the appellant was initially indicted on four counts of bank robbery, one count of being a felon in possession of a firearm, and one count of possession of an unregistered firearm, all in case number CR-91-143. *Hoslett*, 998 F.2d at 651. The Government subsequently dismissed the firearms charges due to misjoinder. *Id.* He was later re-indicted on the firearms charges in cause number CR-91-553. *Id.* He was convicted by a jury in the bank robbery case (CR-91-143) and found guilty on a firearms charge (CR-91-553) after a bench trial. *Id.* He appealed the conviction on the firearms charge, alleging he was brought to trial after seventy days had elapsed. *Id.* The Government argued that a motion to suppress filed in the bank robbery case tolled the speedy trial clock in the new case. *Id.* at 656. The Seventh Circuit Court of Appeals rejected that proposition, noting that "[a] rule that all motions filed in the original case are deemed filed in the second case for Speedy Trial Act purposes would make little sense". *Id.* at 658.

Here, the Government is not asking the Court to automatically "deem" that the motions filed in the previous case toll speedy trial after the fact. The Government filed a motion asking that, in the interest of judicial economy, certain motions which are critical and relevant to the admissibility of evidence in the new case, be carried into the new case. As stated before, it appears that this evidence (the currency seized from Defendant's vehicle, the audio taped jail calls, etc) are just as relevant in the new case as they were in the dismissed case. This is a motion which Defendant could have promptly responded to and the Court could have promptly ruled on. This is the motion that tolls the speedy trial clock, not motions buried in the previous case that may have no bearing on the instant case.[1]

Therefore, the Government's Motion to Transfer all Motions Previously Filed in Criminal Cause Number 9:05-CR-14 filed on August 5, 2005 tolls the speedy trial clock until it was granted on August 23, 2005. In the meantime, the Government's Motion to Determine the Admissibility of Scientific Evidence and Expert Witness Testimony filed on August 19, 2005 and the Defendant's Motion to Dismiss for Statutory Speedy Trial Violation toll the clock until the dispositions of those motions on August 31, 2005. Defendant's conditional plea of guilty was then entered on September 2, 2005.

Therefore, due to the above, a total of 60 non-excludable days expired. Defendant's speedy trial rights were not violated.

In his motion to dismiss filed on August 29, 2005, Defendant also "further complains that more than thirty days have elapsed between his arrest and indictment on the present indictment". However, Defendant's motion is silent as to exactly how his speedy trial rights were violated in this regard. Counsel for Defendant made no mention of this issue during the hearing conducted on August 30, 2005.

The docket sheet in cause number 9:05-MJ-00003 indicates that the original sealed complaint charging Defendant with the federal offense was filed on February 9, 2005. The docket sheet also

---

[1] In *Hoslett*, the Court noted that had the appellant prevailed on his suppression motion in the bank robbery case, they doubted that the Government would have accepted the proposition that his victory automatically resulted in the exclusion of the same evidence in the firearm case even in the absence of a motion to exclude. *Hoslett*, 998 F.2d at 658.

reflects that Defendant was arrested on the complaint on February 15, 2005. A motion for detention was filed by the Government that same day. It appears that the thirty day period was tolled until the United States Magistrate Judge ordered Defendant detained on February 18, 2005. The federal grand jury returned an Indictment against Defendant on March 2, 2005. Therefore, only fourteen days elapsed between Defendants arrest on the first complaint and his Indictment, without subtracting "excludable" days. Subtracting the four "excludable" days which resulted from the pending motion to suppress, only ten days elapsed. Therefore, the Defendant's speedy trial right to be indicted within thirty days of his arrest was not violated.

After the Government decided to dismiss the first Indictment, a second complaint was filed on August 1, 2005 and an arrest warrant was issued that same day. Defendant was indicted by a federal grand jury (the second indictment) the very next day. Therefore, zero days elapsed between his arrest and indictment pertaining to the second complaint.

Apparently, Defendant is somehow, without argument or legal authority in support, alleging that the second indictment must have been filed within thirty days of his arrest on the original complaint which occurred on February 15, 2005.

Section 3161(b) of the Speedy Trial Act clearly requires the Government to file an information or indictment against an individual within thirty days from the date of the individuals arrest. Again, under § 3161(h)(6), when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned. *United States v. Perez*, 845 F.3d 100, 103 (5th Cir. 2001). Importantly, the Fifth Circuit Court of Appeals then noted that although the clock is not reset, the period between the indictments is excluded from speedy trial calculations. *Id.* This necessarily implies that the includable time with regard to the original indictment should be added to the includable time with regard to the subsequent indictment in calculating the speedy trial time period. See *United States v. Roy*, 791 F. Supp. 170, 180 (S.D. Ohio 1991).

Even when adding the two time periods together, the total does not exceed thirty days. Therefore, no speedy trial violation has been shown.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss for Statutory Speedy Trial Violation 18 U.S.C.A. Section 3161 et. seq.* [Doc. #49] is **DENIED**.

**SO ORDERED**.

**SIGNED** this the **8** day of **September, 2005.**

_____
Thad Heartfield
United States District Judge